**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10092
Summary Calendar

CREDIT COUNSELING CENTERS OF AMERICA, INC.,

Plaintiff-Appellant,

VERSUS

NATIONAL FOUNDATION FOR CONSUMER CREDIT, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(3:94 CV 01855)

( July 10, 1995 )

Before REYNALDO G. GARZA, WIENER and SMITH, Circuit Judges.

PER CURIAM:[*]

This is a civil action between two companies that provide consumers with debt management services. Plaintiff-counterdefendant Credit Counseling Centers of America ("CCCA") sued

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

to obtain a declaratory judgment that defendant-counterplaintiff National Foundation for Consumer Credit, Inc.'s ("NFCC's") licensed name, **CONSUMER CREDIT COUNSELING SERVICE**, is a generic expression and hence unprotectable. The Defendant-counterplaintiff NFCC counter claimed on theories of federal trademark infringement, federal unfair competition, false representation, and false designation of origin and a Texas law claim for injury to business reputation and trade name, and moved for a preliminary injunction to require CCCA to modify pending advertising, prevent further advertising, and refrain from using the term "Consumer Credit Counseling" just prior to CCCA's name, "Credit Counseling Centers of America."

The court below issued a preliminary injunction after having entered a memorandum opinion dated November 29, 1994. Said memorandum opinion and preliminary injunction are attached herewith as Appendix "A."

On the basis of the memorandum opinion, we affirm the issuing of the preliminary injunction in the above case.

The plaintiff-appellants ask us to dissolve the preliminary injunction issued by the trial court and remand the case for further proceedings.

They tell us that the term "Consumer Credit Counselling" is a generic term and it is not protectable and they tell us that even if this term is found to be protectable, appellee still has the right to use the term under the fair use defense under the Lanham Trademark Act and that the appellant has not had the

2

opportunity to put forward this defense.  The record does not show that they offered this defense before the preliminary injunction was issued.

What we have before us is a preliminary injunction and is interlocutory, of course, and does not prevent the trier of fact from making other findings at a trial on the merits.

The appellant must seek a hearing on the merits in which they may be able to convince the trier of fact that in truth and in fact what is being argued about is a generic term and not protectable, and if it is protectable, that they have a right to use it under the fair use defense of the Landham Act.

The preliminary injunction as issued by the court below is therefore AFFIRMED.